UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

DANIEL T. RAYMUR,

      Plaintiff,

v.                                                                                           4:09-cv-31

LINCOLN COUNTY JAIL,
LINCOLN COUNTY MEDICAL STAFF,
LINCOLN COUNTY MEDICAL PROVIDER,
LINCOLN COUNTY ADMINISTRATIVE STAFF,
and BRENDA BARNES,

      Defendants.

**MEMORANDUM AND ORDER**

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received.

The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons and USM 285 form) for defendant Brenda Barnes. For the following reasons, process shall not issue as to the remaining defendants.

In addition to defendant Barnes, plaintiff has named as defendants the Lincoln County Jail, the Lincoln County Medical Staff, the Lincoln County Medical Provider, and the Lincoln County Administrative Staff. The Lincoln County Jail is not a suable entity within the meaning of 42 U.S.C. § 1983 and it is **DISMISSED** from this action. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983); *see also De La Garza v. Kandiyohi County Jail*, 18 Fed.Appx. 436, 437 (8th Cir. 2001) (neither a county jail nor a sheriff's department is a suable entity).

Likewise, plaintiff cannot simply name "Staff" as defendants but rather must list by name the individual staff members whom he claims violated his rights as well as the facts underlying the alleged violation. Accordingly, the Lincoln County Medical Staff, the Lincoln County Medical Provider, and the Lincoln County Administrative Staff are **DISMISSED** from this action.

The plaintiff is **ORDERED** to complete the service packet for defendant Barnes and return it to the Clerk's Office within twenty (20) days of the date of receipt of this Order. At that time the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. The plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

Defendant Barnes shall answer or otherwise respond to the complaint within twenty (20) days from the date of service. Defendant's failure to timely respond to the complaint may result in entry of judgment by default against defendant Barnes.

Plaintiff is **ORDERED** to inform the court, and the defendant or her counsel of record, immediately of any address changes. Failure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action.

Because the plaintiff is an inmate in Lincoln County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, 200 S. Jefferson St., Room 201, Winchester, Tennessee 37398, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until

3

the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Lincoln County, Tennessee, and the county attorney for Lincoln County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee.  The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**E N T E R :**

　　　　　　　　　　　　　　　　　　　　　　　　*/s/Harry S. Mattice, Jr.*
　　　　　　　　　　　　　　　　　　　　　　　　HARRY S. MATTICE, JR.
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE